**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Guadalupe SALDANA–BELTRAN,**
**Defendant–Appellant.**

No. 05–50975.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.*

Filed Dec. 14, 2006.

Joanna P. Baltes, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Esq., William Braniff, Esq., Law Offices of William Braniff, San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Jose Guadalupe Saldana–Beltran appeals his jury conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He raises two issues on appeal: (1) that the district court erred by rejecting his proposed jury instruction relating to the "official restraint" doctrine; and (2) that the district court enhanced his sentence under § 1326(b) in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. We affirm.

Saldana–Beltran argues first that, because he was under official restraint up until the point of his arrest, the district court erred in refusing to give his proffered jury instruction. A criminal defendant is "entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Fejes*, 232 F.3d 696, 702 (9th Cir.2000) (internal quotation omitted). "If the parties dispute whether the required factual foundation exists, we review for abuse of discretion" the district court's refusal to give the instruction. *Id.*

A person does not unlawfully enter the United States, and thus does not violate 8 U.S.C. § 1326, if he was " 'under constant observation by governmental authorities' from the time of physical entry until the time of arrest." *United States v. Vela–Robles*, 397 F.3d 786, 788 (9th Cir.2005) (quoting *United States v. Castellanos–Gar-

cia*, 270 F.3d 773, 775 (9th Cir.2001)). "[A]n alien must be 'in the visual or physical grasp of the authorities at all times' to show that he or she is under official restraint." *Id.* at 789 (quoting *United States v. Pacheco–Medina*, 212 F.3d 1162, 1165 (9th Cir.2000)). The government carries the burden of proving that the defendant was free from official restraint, but it need not respond to a defendant's "free floating speculation that he might have been observed the whole time." *Castellanos–Garcia*, 270 F.3d at 776.

Saldana–Beltran's contention that he was under official restraint finds no support in the evidence presented at trial. Though he had been in the United States for at least one hour, he was not visually observed until moments before his arrest. That agents were previously alerted to Saldana–Beltran's presence by a seismic sensor does not bear on the inquiry. *See Vela–Robles*, 397 F.3d at 789 ("Detection by a seismic sensor does not amount to observation or surveillance for the purpose of showing official restraint[.]"). Agents knew Saldana–Beltran's likely route due to their "[p]ersistent tracking, rather than visual surveillance." *United States v. Hernandez–Herrera*, 273 F.3d 1213, 1219 (9th Cir.2001) (distinguishing between visual observation and attempts to track defendants by other means).

Saldana–Beltran has proffered no "affirmative evidence that he was under continuous visual observation by a border agent for a period of time before his arrest." *United States v. Bello–Bahena*, 411 F.3d 1083, 1091 (9th Cir.2005). Because there was no foundation in the evidence from which to infer that Saldana–Beltran was under official restraint, *Fejes*, 232 F.3d at 702, the district court did not abuse its

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

discretion in refusing to give the proffered jury instruction.

Saldana–Beltran lastly argues that the district court erred in sentencing him under 8 U.S.C. § 1326(b) to more than the two-year statutory maximum set forth in 8 U.S.C. § 1326(a), because the jury did not find, and he did not admit, the fact of any prior convictions. He contends that recent Supreme Court decisions limit the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to cases where the defendant admits to his prior convictions during his guilty plea. This argument is foreclosed by our precedent. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

**AFFIRMED.**